UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE WEBSTER AND　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
DOROTHY WEBSTER

V.　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:19-CV-529-DPJ-FKB

PREMIER FOOT CLINIC, P.C.　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

ORDER

Defendant Premier Foot Clinic, P.C., seeks dismissal with prejudice of Plaintiffs Eddie and Dorothy Webster's claims against it as a discovery sanction. Mot. [29]. For the following reasons, Premier Foot Clinic's motion is denied to the extent it seeks dismissal but granted as to lesser sanctions.

I.　　　Facts and Procedural History

Plaintiff Eddie Webster, a 79-year-old disabled stroke survivor, had an appointment with Premier Foot Clinic on January 11, 2018. According to the Complaint, he tripped and fell over an unsecured mat upon exiting the building after his appointment, injuring his left knee and wrist. Eddie and his wife Dorothy sued Premier Foot Clinic in Hinds County Circuit Court on June 27, 2019, asserting claims for negligence and breach of the Americans with Disabilities Act. Premier Foot Clinic removed the case to this Court on July 30, 2019.

On December 11, 2019, Plaintiffs responded to Premier Foot Clinic's First Set of Interrogatories. Premier Foot Clinic points to Plaintiffs' responses to the following questions in its motion:

> **INTERROGATORY NO. 7**: Either before or after the accident in question in this case, have you been involved in any type of accident or had any medical problem as a result of which you were seen or treated by a physician or other health care provider in regard to any complaints or problems or parts of your

>body similar to the complaints, problems, and parts of your body involved in this case?
>
>>RESPONSE:  No, not that Plaintiff recalls.
>
>. . . .
>
>>**INTERROGATORY NO. 11**:  If you have ever been a party to a lawsuit, please give the style of the case(s), cause number(s), where the suit(s) was filed, and the results thereof.
>
>>RESPONSE:  No.
>
>. . . .
>
>>**INTERROGATORY NO. 13**:  State whether you were involved in any accident(s) for five (5) years prior to the date of the accident, or at any time since; and if so, please give specific details for each accident; where it occurred, with whom, the date and whether or not you made any claim arising out of the accident(s), and whether you received any settlement(s).
>
>>RESPONSE:  None.

Pls.' Resps. [29-1] at 4–7.  On the same day Plaintiffs responded to Premier Foot Clinic's discovery requests, Eddie Webster "executed an unrestricted medical authorization allowing Counsel for the Defendant full access to his medical records."  Pls.' Mem. [33] at 2.

Premier Foot Clinic then deposed both Plaintiffs on December 19, 2019.  It directs the Court's attention to the following passages from Eddie Webster's deposition:

>Q.  Other than this lawsuit that you filed here today, have you filed any other lawsuits before?
>
>A.  No.
>
>. . . .
>
>Q.  [Other than a workers' compensation claim filed years ago,] have you filed any other claims against any other person asking them or a company to pay you any money for any injury you sustained?
>
>A.  No.
>
>. . . .

> Q. So you had a fall in 2017 [in your kitchen] that broke your hip. Did you have any other falls before you fell at Premier Foot Clinic?
>
> A. No.
>
> Q. So you've only fallen twice: once at the Premier Foot Clinic, and once in your kitchen?
>
> A. Right.
>
> . . . .
>
> Q. So you had a stroke several years ago that affected your left side, and you had fallen down before this accident and broken your hip. Did you have any other types of injuries or accidents before this accident or any significant medical treatment before this accident?
>
> A. No, not that I can remember.
>
> Q. It's my understanding that your main injuries [in the fall at Premier Foot Clinic] were to your wrist and your knee. So I want to ask you a few questions about that. Before this accident, had you ever had any issues with your knee before?
>
> A. No.
>
> Q. Either one of your knees—your left or your right knee?
>
> A. No.

E. Webster Dep. [29-3] at 8, 14–16. Dorothy Webster, who testified after Eddie and was present for his testimony, testified as follows:

> Q. Other than the fall that we're here today for, how many other falls has your husband had since the stroke [in March 2011]?
>
> A. Only one.
>
> Q. And that's the one he mentioned in the kitchen?
>
> A. October of '16. Yes, in the kitchen.

D. Webster Dep. [33-2] at 6–7.

On February 25, 2020, Plaintiffs supplemented their responses to Interrogatories 11 and 13 to disclose that Plaintiffs, represented by their counsel in this case, had filed two lawsuits

3

related to an October 15, 2018 automobile accident in which Eddie Webster sustained personal injuries. Supp. Resps. [33-7]. That accident occurred *after* the trip and fall in this case. Both the automobile-accident lawsuits were dismissed in July 2019. Notice of Dismissal [33-5]; Judgment of Dismissal [33-6].

At some point, Premier Foot Clinic obtained Eddie Webster's medical records and discovered that he had a history of knee problems dating back to a car wreck in the 1990s. Plaintiffs say these problems related to his right knee, not the left knee that was allegedly injured at Premier Foot Clinic, but neither side has submitted the pertinent medical records to the Court. Premier Foot Clinic represents that the records revealed two additional falls Eddie Webster suffered, one in April 2016 in which he "landed on his left hip and left shoulder," and one in August 2018 where he "injur[ed] his knee and his elbow." Def.'s Mem. [30] at 4. Plaintiffs again represent that this August 2018 fall involved Eddie Webster's right knee. Pls.' Mem. [33] at 11.

Frustrated with the inconsistencies between Eddie Webster's medical records and Plaintiffs' discovery responses and testimony, as well as Plaintiffs' failure to initially disclose the lawsuits related to the car accident, on April 30, 2020, Premier Foot Clinic filed its motion seeking dismissal with prejudice for Plaintiffs' alleged failure to be truthful in discovery. Premier Foot Clinic accuses Plaintiffs of committing perjury in their depositions. Plaintiffs responded in opposition to the motion, Premier Foot Clinic declined to file a reply, and the time to do so under the local rules has now expired.

II.     Analysis

Dismissal with prejudice for discovery misconduct "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418

(5th Cir. 1995) (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).  The Fifth Circuit "ordinarily will affirm a dismissal with prejudice only if:  (1) there is 'a clear record of delay or contumacious conduct by the plaintiff,' and (2) 'lesser sanctions would not serve the best interests of justice.'"  *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).  And "dismissal with prejudice [is] a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney."  *Id.*

In this case, the basic question is whether Eddie Webster perjured himself or gave false answers for less sinister reasons—like confusion over the questions, his advanced age, or his health.  The Fifth Circuit has found that a party who commits perjury in a deposition engages in contumacious conduct for which dismissal with prejudice may be warranted.  *Brown*, 664 F.3d at 78–80.  But "'[p]erjury is different from confusion, mistake, or faulty memory; perjury is defined (at least in the federal criminal context) as false testimony concerning a material matter with the willful intent to provide false testimony.'"  Pls.' Mem. [33] at 16–17 (quoting *Wallace v. McGlothan*, 606 F.3d 410, 426 (7th Cir. 2010)); *accord Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 648 (S.D. Tex. 2010) ("Perjury is offering 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than [] as a result of confusion, mistake, or faulty memory.'" (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993))).

Premier Foot Clinic complains of two areas where Plaintiffs' discovery responses were incomplete or untruthful:  other litigation and other accidents/injuries.  The Court will address each area separately.

Starting with the initial failure to disclose two lawsuits filed following the October 2018 automobile accident, Plaintiffs' counsel submitted an affidavit taking responsibility for the omission of the lawsuits from Plaintiffs' written discovery responses. Blackmon Aff. [33-1]. And counsel explains in Plaintiffs' brief that "as soon as [she] was made aware of the oversight in the discovery responses, she immediately supplemented the answers providing all documentation requested by the Defendant related to the October 2018 accident." Pls.' Mem. [33] at 6. As for Eddie Webster's failure to mention the lawsuits in his deposition, Plaintiffs explain that counsel communicated primarily with Dorothy Webster about litigation matters: "At th[e] time the October 2018 lawsuits were file[d], that information was communicated to Mrs. Webster, who is the main point of contact due to Mr. Webster's health." *Id.*

The Court agrees with Plaintiffs that Premier Foot Clinic has not shown "a *clear* record of . . . contumacious conduct" regarding the other litigation. *Brown*, 664 F.3d at 77 (emphasis added) (quoting *Sturgeon*, 778 F.2d at 1159). On their face, Eddie Webster's responses were false. But taking Plaintiffs' counsel at her word, the omission in the interrogatory responses was an oversight on her part because she misread the interrogatory and believed it related to suits filed before this trip-and-fall incident. Pls.' Mem. [33] at 5. She corrected that mistake through supplementation before the motion to dismiss was filed. And Eddie Webster's failure during his deposition to disclose other lawsuits or claims may have been due to lack of knowledge. Counsel represents that those cases were settled with little litigation and she primarily dealt with Dorothy Webster. While the Court has concern about his answers, this record is not sufficient to show that Eddie Webster—a 79-year old stroke survivor in bad health—intentionally lied about these other legal disputes.

The same is true with respect to questions regarding other falls and past knee problems. To start, Plaintiffs argue that their response to Interrogatory No. 7 was truthful: "[t]he question clearly elicited information regarding [issues] *similar to the complaints, problems, and parts of [his] body involved in this case.*" *Id.* at 5. While the accident at issue in this lawsuit resulted in injuries to Eddie Webster's left wrist and knee, Plaintiffs say "it appears that the previous injuries cited were related to Mr. Webster's right leg and knee." *Id.* And the response to the interrogatory made clear that he did not "recall[]" any similar complaints or problems: "As Mr. Webster is a 79 year old, stroke and dialysis patient, one could imagine that he would not recall every health issue that he may have had in the last 30 years." *Id.* Plaintiffs further note that, had they wanted to hide some aspect of Eddie Webster's medical history, he would not have given Premier Foot Clinic "unrestricted access to all of his medical records." *Id.* at 10. The Court agrees that Premier Foot Clinic has not shown that the response to Interrogatory No. 7 was intentionally misleading.

As to Eddie Webster's failure to disclose his other falls in his deposition, Plaintiffs say that he identified and disclosed the October 2016 fall because it "was a major occurrence that required major surgery and something that they easily remembered." *Id.* at 9–10. By contrast, Plaintiffs observe that injuries sustained in the other falls Premier Foot Clinic has identified "appear[ed to be] minor complaints that required little to no extensive treatment." *Id.* at 10. And Plaintiffs again make the point that "Mr. Webster has an extensive medical history due to his age and health," making it reasonable to assume that they could not "recall each and every time Mr. Webster complained of knee or leg pain, especially pain involving his right knee and leg which were not injured in the subject accident." *Id.*

7

While Plaintiffs probably should have disclosed Eddie Webster's other falls in response to deposition questions, the Court is again left without a sufficient record to say they intentionally lied. It is just as likely that Plaintiffs either failed to recall the other falls or misunderstood that Premier Foot Clinic sought information about any and all times Eddie Webster fell. Premier Foot Clinic has not met its burden to demonstrate a "clear record of . . . contumacious conduct." *Brown*, 664 F.3d at 77 (quoting *Sturgeon*, 778 F.2d at 1159). And while Plaintiffs' counsel made mistakes, dismissal with prejudice is a draconian sanction that is generally more appropriate when the party—not counsel—is to blame. *Id.*[1]

Finally, "dismissal is to be sparingly used and only in situations where its deterrent value cannot be substantially achieved by use of less drastic sanctions." *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980). Here, about four months remain in the discovery period, and Defendant has full access to all of Eddie Webster's medical records. Considering Plaintiffs' missteps during the initial discovery, Defendant is entitled to reconvene any necessary depositions to ask follow-up questions. Plaintiffs shall incur the cost of those depositions. *See* Def.'s Mot. [29] (seeking dismissal "or . . . [o]ther [s]anctions").

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Premier Foot Clinic's Motion to Dismiss [29] is denied to the extent it seeks dismissal with prejudice. But should Premier Foot Clinic desire to

---

[1] The Court does have concern about the way discovery has been handled here. Mistakes happen and can be corrected; counsel did that as to the written discovery. But she also attended the deposition and could have corrected the misimpression Eddie Webster left when he denied filing any other *lawsuits* or "any other *claims* against any other person asking them or a company to pay you any money." E. Webster Dep. [29-3] at 8 (emphasis added). Counsel filed two lawsuits for the Websters and handled those claims. Blackmon Aff. [33-1] at ¶ 6. Had she clarified things during or after the deposition, this motion may not have been necessary.

reconvene Plaintiffs' depositions to address issues raised in Eddie Webster's medical records that were not explored, the costs associated with reconvening the depositions shall be borne by Plaintiffs.

    **SO ORDERED AND ADJUDGED** this the 24th day of June, 2020.

                                      s/ *Daniel P. Jordan III*
                                      CHIEF UNITED STATES DISTRICT JUDGE